IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL |
| v. | : |
| | : NOs. 02-736 |
| TARELL STEWART, | : and |
| Defendant. | : 03-442 |
| | : |

**Memorandum**

YOHN, J.                                                                                                          June 3, 2009

Defendant Tarell Stewart has filed a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Stewart seeks reduction of his sentence following Amendment 706 to the Sentencing Guidelines, which reduced the offense levels of crack-based offenses and was made retroactively applicable by Amendment 713, effective March 3, 2008. U.S.S.G. Supp. to App'x C, Amend. 706, 711, 713. The court concludes that Stewart is eligible for a sentencing reduction pursuant to § 3582(c)(2) and will grant his motion.

**I.      Factual Background**[1]

Defendant pleaded guilty to two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On August 29, 2005, the court sentenced defendant to 144 months' imprisonment, 8 years' supervised release, and a $1,000 fine. (Sentencing Tr. 31:6-33:19, Aug. 29, 2005 (Doc. No. 53).)

---

[1] A substantial portion of the record in this case is currently under seal. Consequently, the court's recitation of the facts must be particularly brief and undetailed.

Defendant's term of imprisonment consisted of 60 months on the § 924(c) charge, to be served consecutively to an aggregate sentence of 84 months on all other charges. *Id.* 31:6-13. Defendant's past conduct resulted in a criminal history category of VI. In aggregate, defendant's offenses involved approximately 21.5 grams of crack cocaine, which corresponded to a base offense level of 28 under U.S.S.G. § 2D1.1. After adjusting for acceptance of responsibility, defendant's total offense level was 25. However, defendant's past conduct triggered the career offender guideline codified in U.S.S.G. § 4B1.1, under which defendant's total offense level would have been 34.

After explicitly considering many factors, the court departed downward from the career offender guideline. In doing so, the court referred to career offender status as "a little heavy" under the facts of defendant's case. (Sentencing Tr. 11:22-24, 28:7-14.) A predicate robbery offense involved just $10, no weapon, and a minimal assault. The court also explicitly referenced the underlying crack guidelines as a factor in its sentencing determination when explaining the extent of the downward departure. (*Id.* 28:21-29:1.) As these comments demonstrate, both on the record and in its pre-sentence analysis of the relevant sentencing factors, the court granted a substantial portion of the downward departure pursuant to *United States v. Shoupe*, 35 F.3d 835 (3d Cir. 1994).[2]

**II.    Discussion**

    **A.    Statutory Basis for Sentence Modification**

In general, a court "may not modify a term of imprisonment once it has been imposed."

---

[2] The Third Circuit has held that a sentencing court granting a downward departure from the career offender guidelines under U.S.S.G. § 4A1.3 (a *Shoupe* departure) may depart downward as to both base offense level and criminal history category. *Shoupe*, 35 F.3d at 839.

18 U.S.C. § 3582(c) (2006).  However, Congress has empowered the courts to modify already-imposed sentences in limited circumstances, including:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2).  The Sentencing Commission has expressed its policy statement regarding sentence reduction pursuant to § 3582(c)(2) in U.S.S.G. § 1B1.10.  Subsection (c) of § 1B1.10 sets out the "covered amendments" to the Guidelines that, pursuant to § 3582(c)(2), may be retroactively applied to reduce already-imposed sentences.  Thus, an amendment must be listed in § 1B1.10(c) for the retroactive application of that amendment to be consistent with the Sentencing Commission's policy statement.

Furthermore, § 1B1.10(a)(3) states that § 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant," and § 1B1.10(b)(2)(A) states "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."  This broad prohibition in § 1B1.10(b)(2)(A), however, is modified in cases like Stewart's because § 1B1.10(b)(2)(B) provides:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

Thus, for defendants such as Stewart who received downward departures from the applicable guideline ranges at their original sentencings, § 1B1.10(b)(2)(B) authorizes courts to grant comparable departures from the amended guideline ranges in § 3582(c)(2) proceedings. *See* § 1B1.10 cmt. n.3 (2008).[3]

### B.  Eligibility for Sentencing Reduction under Amendment 706

Under the terms of § 3582(c)(2), a district court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." (emphasis added). The "based on" language is critical: motions for reduction of sentence pursuant to Amendment 706 often turn on whether the defendant was actually sentenced "based on" U.S.S.G. § 2D1.1. Defendants who committed crack-based offenses but who were sentenced as career offenders solely under U.S.S.G. § 4B1.1 and not under the crack guidelines are not eligible for sentencing reductions following Amendment 706 because their sentences were not "based on" a guideline that Amendment 706 amended. *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009) (defendant who had been sentenced for a crack offense under the career offender guideline, with a downward adjustment for acceptance of responsibility, was not eligible for sentencing reduction following Amendment 706); *see also United States v. Squire*, No. 97-461, 2008 WL 4694915, at *3-*4 (E.D. Pa. Oct. 23, 2008) (holding that the defendant was not entitled to a sentencing reduction following Amendment 706 because his "sentence was based solely on the

---

[3] The second sentence of § 1B1.10(b)(2)(B) is not applicable because Stewart's original sentence was based on departures authorized by the guidelines and was not a non-guideline sentence as a result of a variance.

career offender guideline range, with a downward departure only because of his extraordinary physical impairment"); *United States v. Perdue*, No. 1:99-cr-00334, 2008 WL 4404278, at *3 (N.D. Ohio Sept. 23, 2008) (acknowledging that "[a] number of courts have reached the conclusion that Amendment 706 does not apply where the defendant's sentence is actually determined by his status as a career offender").

Nevertheless, the potential applicability of career offender status to a defendant does not necessarily foreclose the defendant's eligibility for a § 3582(c)(2) reduction under Amendment 706 because such a defendant may actually have been sentenced, in whole or in part, based on the crack guidelines.[4]  The court must, therefore, determine whether Stewart's sentence was "based on" § 2D1.1, given the court's consideration of § 2D1.1 at sentencing.  For reasons discussed below, the court concludes that Stewart's sentence was "based on" § 2D1.1 within the meaning of § 3582(c)(2), despite his eligibility for career offender status.  Thus, Stewart is eligible for a

---

[4] In *United States v. Poindexter*, for example, the original sentencing judge concluded that the guideline range applicable to a career offender overrepresented the seriousness of the defendant's criminal history.  The judge therefore looked to U.S.S.G. § 2D1.1 for guidance as to the appropriate sentence.  550 F. Supp. 2d 578, 580-81 (E.D. Pa. 2008).  At the *Poindexter* defendant's original sentencing, the sentencing judge therefore "reduced [the defendant's] offense level to that which he would have faced absent the career offender designation." *Id.* at 581.  The *Poindexter* court held that the defendant's sentence was, therefore, "based on" § 2D1.1 and so could be reduced pursuant to § 3582(c)(2). *Id.* at 582; *see also United States v. Nigatu*, No. 00-18, 2008 WL 926561 (D. Minn. April 07, 2008) (granting § 3582(c)(2) motion for defendant where, at original sentencing, the court found that the career offender guideline overstated defendant's criminal history and instead sentenced defendant under the crack guidelines).

The *Poindexter* court confirmed that a sentence is not "based on" U.S.S.G. § 2D1.1 if that guideline range did not "play a role in [the judge's] guideline calculation," *Poindexter*, 550 F. Supp. 2d at 581 (quoting *United States v. Gutierrez*, No. 02-27, 2008 WL 927564, at *2 (D. Conn. April 4, 2008)).  Conversely, if § 2D1.1 did play a role in sentencing, a sentence would be "based on" § 2D1.1. *See id.* at 580-82; *see also United States v. Stratton*, No. 99-326, 2009 WL 506365, at *5-*6 (E.D. Pa. Feb. 26, 2009).

sentence reduction pursuant to § 3582(c)(2) and Amendment 706.

      C.      **Application of § 3582(c)(2) to the Instant Case**

Pursuant to *Shoupe*, the court departed from the career offender guideline as to Stewart's offense level because the career offender guideline overrepresented the seriousness of Stewart's offenses. Stewart's criminal history category remained at VI, which was the appropriate category under both the career offender guideline and the underlying crack guidelines. In analyzing an appropriate offense level under *Shoupe*, the court departed to an offense level of 25, the exact guideline level called for by the crack guideline (after adjusting for acceptance of responsibility).[5] Given the court's explicit reference to the underlying crack guidelines, Stewart's sentence was certainly based, in part, on § 2D1.1, and the crack guidelines played a role in the sentencing calculation by the court.

As the court has previously concluded, under the plain meaning of § 3582(c)(2), a sentence may have multiple bases. *United States v. Stratton*, No. 99-326, 2009 WL 506365, at *6 (E.D. Pa. Feb. 26, 2009). Here, § 2D1.1, which the Sentencing Commission has retroactively amended, was one basis for Stewart's sentence. Stewart's sentence was, therefore, "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Stewart is eligible for a reduction of sentence.

As explained above, the court then departed downward from the otherwise applicable § 2D1.1 guideline range pursuant to other guideline provisions. Stewart's original sentence did not constitute a variance from the guidelines as a non-guideline sentence under *United States v.*

---

[5] The offense level was then further reduced under the guidelines for other reasons on motion by the government.

*Booker*, 543 U.S. 220 (2005). Thus, Stewart is eligible for a comparable downward departure from the amended guideline range pursuant to § 1B1.10(b)(2)(B).

Stewart also argues that, under *Booker*, which rendered the sentencing guidelines advisory, the court may grant a reduction greater than that authorized by the amended guidelines.[6] The vast majority of courts have rejected this argument. *See, e.g.*, *United States v. Doe*, 564 F.3d 305, 312-14 (3d Cir. 2009)[7]; *Stratton*, 2009 WL 506365, at *7-*11. In determining the amount of reduction warranted in the context of a § 3582(c)(2) proceeding, courts generally do not do an entire revised § 3553(a) analysis, which *Booker* requires in an original sentencing. Thus, in summary, the court will grant defendant's motion for modification of an imposed term of imprisonment. I will schedule oral argument on whether *Booker* applies to this modification of sentence and an evidentiary hearing for evidence and modification of defendant's sentence under § 3582(c)(2).

---

[6] *Booker* was decided on January 12, 2005. The original sentencing of defendant was held August 29, 2005; therefore, *Booker* applied. The departures granted by the court were departures authorized by the guidelines. As a result, the sentence was not a non-guideline sentence as no variances were granted.

[7] In *Stratton*, I concluded that *Booker* did not apply in a § 3582(c)(2) proceeding where the original sentencing was pre-*Booker*. In *Doe*, as here, the defendants received their original sentences after the decision in *Booker*. 564 F.3d at 308. The Third Circuit held that *Booker* did not apply to § 3582(c)(2) proceedings. However, because *Doe* was filed on April 30, 2009, after briefing was completed here, I will give defendant an opportunity to argue otherwise.